UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DISNEY ENTERPRISES, INC.,

                                    Movant,


                    -against-                                    25-mc-300 (LAK)


ICEBOX-SCOOPS, INC.,

                                    Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #: _____               │
│ DATE FILED:  9/3/25                  │
└─────────────────────────────────────┘
```

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

Petitioner Disney Enterprises, Inc. ("Disney") moves to quash a document subpoena
dated January 21, 2025 and a deposition subpoena dated March 26, 2025 served by Respondent
Icebox-Scoops, Inc. ("Icebox").[1]

These subpoenas relate to a lawsuit filed in the Eastern District of New York by
Icebox against Finanz St.-Honore, B.V. and Dana Classic Fragrances, Inc. (collectively, "Finanz").
In 2005, Finanz licensed its "Tinkerbell" mark to Icebox. Finanz later terminated the license with
Icebox and sold the mark to Disney for $3 million. Disney states that it "acquired Finanz's
Tinkerbell trademark to avoid any nuisance-value trademark infringement suits."[2] Disney represents

---

[1]    *See* Dkt 1.

[2]    *See* Dkt 2 at 1. Disney's registered trademark for its well-known character is "Tinker Bell,"
as opposed to "Tinkerbell."

that it "does not currently and never has used the Finanz Tinkerbell trademark."[3]

In 2007, Icebox sued Finanz for breach of the licensing agreement. In 2016, a jury found Finanz liable, but the district court limited Icebox to out-of-pocket damages. In 2017, the Second Circuit vacated the damages limitation and remanded for a determination of Icebox's damages. The subpoenas in dispute seek information relating to Icebox's damages.

Under Federal Rule of Civil Procedure 45, a party may command a non-party to produce documents and provide deposition testimony.[4] However, information requested in discovery must be relevant and proportional to the needs of a case.[5] "A party . . . responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena,"[6] and the district court "must quash or modify a subpoena that . . . subjects a person to undue burden."[7] "Whether a subpoena imposes an undue burden depends upon such factors as relevance, the need of the party for the documents, the breadth of the documents, the time period covered by it, the particularity with which the documents are described and the burden imposed."[8] The decision of whether to grant or deny a motion to quash

---

[3]  See Dkt 12 at 6.

[4]  See Fed. R. Civ. P. 45(a).

[5]  See Fed. R. Civ. P. 26(b)(1).

[6]  See Fed. R. Civ. P. 45(d)(1).

[7]  See Fed. R. Civ. P. 45(d)(3)(A).

[8]  See *Night Hawk Ltd. v. Briarpatch Ltd., L.P.*, No. 03 CIV.1382 RWS, 2003 WL 23018833, at *8 (S.D.N.Y. Dec. 23, 2003) (internal quotation marks omitted).

a subpoena is left to the district court's sound discretion.[9]

        The Court finds that Icebox's document subpoena seeks irrelevant information that is disproportionate to the needs of the case. "[I]t is well-established that a recent sale price for the subject asset, negotiated by parties at arm's length, is the best evidence of its market value."[10] Finanz's sale of its Tinkerbell trademark for $3 million provides the best evidence of the market value of the asset. Only "special circumstances . . . negate the relevance of a prior arm's-length purchase price."[11] While Icebox contends that the 2005 price was the result of a below-market distress sale because Finanz was deeply in debt, it offers no support for this narrative. Because the document subpoena's overbroad requests are not probative of the value of the Finanz "Tinkerbell" mark, the Court grants Disney's motion to quash the document subpoena.

        The Court concludes also that enforcement of Icebox's deposition subpoena would impose undue burden and seek duplicative information. Disney represents that its search located

---

[9]

    *United States v. M/Y Amadea*, No. 23 CIV. 9304 (DEH), 2024 WL 4471617, at *1 (S.D.N.Y. Oct. 11, 2024).

    Icebox argues that the Court should deny Disney's motion to quash because it is untimely. However, "an untimely objection may be allowed upon a showing of good cause where the subpoena is overbroad so that it goes beyond the boundaries of fair discovery, the recipient is a non-party acting in good faith, and the counsel for both the recipient and the issuing party were in contact concerning the recipient's compliance before the ultimate challenge to the subpoena." *Top Jet Enters., Ltd. v. Kulowiec*, No. 21-MC-789 (RA) (KHP), 2022 WL 280459, at *4 (S.D.N.Y. Jan. 31, 2022) (internal quotation marks omitted). Disney documents ongoing communication with Icebox's counsel, several meet-and-confers, and a search for responsive materials prior to filing its motion to quash. Given that Disney has demonstrated good faith and the parties were in contact regarding compliance with the subpoenas prior to the filing of this motion, the Court finds it appropriate to consider the merits despite its untimeliness.

[10]

    *See Schonfeld v. Hilliard*, 218 F.3d 164, 178 (2d Cir. 2000) (internal quotation marks omitted).

[11]

    *See Schonfeld v. Hilliard*, 218 F.3d 164, 179 (2d Cir. 2000) (cleaned up).

4

no relevant documents beyond the 2005 agreement already in Icebox's possession.  Additionally, there is no current employee with personal, contemporaneous knowledge of the Finanz mark's value in 2005.  Any witness produced by Disney would be educated from the same documents Icebox already possesses.

Disney's motion to quash the subpoenas served by Icebox is granted.

SO ORDERED.

Dated:        September 3, 2025

_____
Lewis A. Kaplan
United States District Judge